United States District Court
Southern District of Texas
ENTERED

MAR 21 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESMERALDA TREVIÑO, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. B-96-211 |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on March 15, 2000, the Court considered Defendant BROWNSVILLE INDEPENDENT SCHOOL DISTRICT's motion for summary judgment (Dkt. No. 16). Plaintiff does not satisfy any of the three alternative definitions of "disability" under the ADA. Furthermore, Plaintiff failed to exhaust her administrative remedies with respect to her state law claim of breach of contract. Therefore, Defendant's motion for summary judgment is GRANTED.

I.  **Factual background.**[1]

On October 5, 1994, Plaintiff Esmeralda Treviño was hired as a visual arts teacher at Russell Elementary School. Because Treviño did not posses a teaching certificate, she was hired under an emergency teaching permit issued by the Texas Education Agency and was employed on a probationary-contract basis. A deficiency plan under the teaching permit required that Treviño take a minimum six college-credit hours toward certification and pass the State Board of Education's competency examination of basic skills ("TASP").

Treviño failed to take the six credit hours toward her certification and failed to take the TASP, as required in her deficiency plan. On July 31, 1995, Plaintiff submitted her

---

[1] Pursuant to Federal Rule of Civil Procedure 56(c), these facts are based upon the evidence of record and considered in the light most favorable to the nonmovant Plaintiff.

1

resignation to Defendant BISD, after visiting with the school's principal who informed her that she could not continue teaching without having complied with the plan. The Board of Trustees accepted Treviño's resignation, effective May 29, 1995.

Treviño filed a claim with the Equal Employment Opportunity Commission ("EEOC") on November 6, 1995, alleging that BISD discriminated against her because she was disabled. In her complaint, Treviño alleges that her request for a ramp and a handrail to be installed outside her classroom was denied by BISD. Plaintiff alleges that her requests were made due to a disability. She also alleges in the EEOC complaint that her request that a sink be installed in her classroom was denied. Treviño's position is that she was not rehired as a teacher due to an alleged disability. The EEOC notified Treviño that it could find no evidence to support her claims.

After receiving a right to sue letter from the EEOC, Treviño filed this lawsuit against BISD. She alleges that she has a disability, that BISD failed to reasonably accommodate her disability, and that BISD terminated her because of her disability. Additionally, Treviño claims she had an employment contract for the school year 1995-1996. Treviño claims that BISD breached the contract by constructively terminating her employment.

The Court notes that Plaintiff is prosecuting her case *pro se*. However, Plaintiff had counsel when she filed her complaint, when she deposed witnesses and was herself deposed, and when she responded to Defendant's motion for summary judgment.

II.   **Summary judgment standard.**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment must initially demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This showing can be made by relying on discovery material or the pleading or by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant meets its burden, the nonmovant cannot simply rest on its pleadings but must identify specific facts which show a genuine issue for trial. *See id.* at 324. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of

evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* In scrutinizing the evidentiary record, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Summary judgment is proper if, among other things, the nonmovant fails to establish the existence of an element essential to her case and on which she will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322-23.

### III. Americans with Disabilities Act.

The Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), prohibits an employer from discriminating against a qualified individual with a disability because of the disability. *See* 42 U.S.C. §12112(a). To establish a *prima facie* case under the ADA, Plaintiff must show that (a) she has a disability; (b) she is a qualified individual for the job in question; and (c) an adverse employment decision was made because of her disability. *See, e.g., Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999). Whether alleging discriminatory termination or failure to accommodate, the threshold question is whether Plaintiff had the requisite ADA "disability."

The ADA defines "disability" under three alternatives:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment.

42 U.S.C. S 12102(2). Plaintiff claims that she satisfies the first alternative. Although Plaintiff fails to argue clearly that she meets either the second or third alternative definitions of disability, the Court will address all three definitions in turn.

### A. Physical impairment that substantially limits one or more of the major life activities.

The first definition of disability under the ADA has three elements. The person must have a) an impairment that b) substantially limits c) one or more of the major life activities. Each of these elements has a specialized definition under the ADA.

3

### a. Impairment.

Clearly, Plaintiff has a physical impairment. Treviño claims that her left leg is three-quarters of an inch shorter than her right and that she has difficulty using her right hand due to muscular weakness. The parties do not dispute that Plaintiff has a physical impairment due to post-polio residuals. However, "[a] physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir.1995). "To rise to the level of a disability, an impairment must substantially limit one or more of the major life activities." *Deas v. River West, L.P.*, 152 F.3d 471, 479 (5th Cir. 1998) (citing *Dutcher*).

### b. Major life activities.

The ADA does not define either "substantially limits" or "major life activities." However, regulations promulgated by the EEOC under the ADA define both. Major life activities is defined as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. 1630.2(i). "Other major life activities could include lifting, reaching, sitting, or standing." *Dutcher*, 53 F.3d at 726 n.7. The Court first determines whether Plaintiff's post-polio residuals are impairments that substantially limit any major life activity other than working. *See Talk*, 165 F.3d at 1025; *see also Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1988). "Only if there is no evidence of impairment to the other major life functions is an impairment to working considered." *Talk*, 165 F.3d at 1025. For her claim of disability under §12102(2)(A), Plaintiff maintains only that she was substantially limited in her ability to perform the major life activities of lifting and walking.

### c. Substantially limits.

To determine whether a person is substantially limited in a major life activity other than working, the Court looks to whether that person can perform the normal activities of daily living. *Dutcher*, 53 F.3d at 726. The Code of Federal Regulations provides alternative definitions for the term substantially limits.

> (i) Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared

4

> to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. §1630.2(j)(1). When addressing whether an impairment substantially limits a major life activity, the Court considers several factors: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. §1630.2(j)(2). Again, these factors are reviewed in the context of whether the Plaintiff can perform the normal activities of daily living.

When considering the major life activity of working, the Code of Federal Regulations offers another definition for the term substantially limits.

> (i) The term substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

29 C.F.R. §1630.2(j)(3)(i). In the context of the major life activity of working, the Court considers the factors listed in 29 C.F.R. §1630.2(j)(2), *see supra*, and those factors listed in 29 C.F.R. §1630.2(j)(3)(ii).

> (A) The geographical area to which the individual has reasonable access;
>
> (B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or
>
> (C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

5

### d.     Plaintiff is not disabled under the first definition of disability.

Plaintiff claims that she suffers from an impairment substantially limiting her ability to walk and lift. As the Fifth Circuit noted in *Talk*, there are few cases "defining what constitutes a substantial limitation on a person's ability to walk." 165 F.3d at 1025. However, what few cases there are, including *Talk*, indicate that "moderate difficultly experienced while walking" is insufficient. *Id*. at 1025 & n.12. Plaintiff asserts that she cannot lift or place weight on her left leg, that she drags her left foot, that she must rely exclusively upon her right foot to advance herself, and that she cannot stand for long periods of time. Walking with a limp and moving significantly slower than the average person are not disabilities recognized under the ADA and case law. The impairment Plaintiff describes and the effects of that impairment do not rise to the level of a substantial limitation on the major life activity of walking as required by the ADA.

Similarly, Plaintiff's claim that her ability to lift is substantially limited must also fail. Plaintiff admits in her deposition that no doctor has ever placed any restriction on the amount of weight she can carry. Plaintiff can carry and lift at least some weight as evidenced by the fact that she was able to carry approximately fifteen five gallon buckets of water per day. The inability to do heavy lifting for long periods of time has consistently been held not to render a person substantially limited in a major life activity. *See Ray v. Glidden Co.*, 85 F.3d 227, 229 (5th Cir. 1996); *see also Dutcher*, 53 F.3d at 726.

Because the Court has determined that Plaintiff is not substantially limited in the life activities of walking or lifting, the Court must consider whether Plaintiff is substantially limited in the major life activity of working. Plaintiff has not offered any evidence to support the proposition that she is. To the contrary, Plaintiff stated in her deposition that she is fully capable of performing all of the duties of an art teacher. Certainly Plaintiff cannot perform some discrete jobs; however, she is not significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes. If anything, Plaintiff is disqualified from a narrow range of jobs; therefore, Plaintiff's impairment is considered as "not reaching a major life activity or as not substantially limiting one." *Chandler v. City of Dallas*, 2 F.3d 1385, 1392 (5th Cir. 1993); *see also Talk*, 165 F.3d at 1025. Plaintiff is not substantially limited in the major life activity of working.

Thus, the Court finds that Plaintiff does not have a physical impairment that substantially limits the major life activities of walking, lifting, or working. Plaintiff does not meet the requirements of the first definition of disability.

**B.     A record of such an impairment.**

Moreover, Plaintiff could prove that she is disabled if she could demonstrate "a record" of a physical impairment that substantially limits the major life activities of walking, lifting, or working. 42 U.S.C. §12102(2)(B). None of the competent summary judgment evidence submitted by Plaintiff suggests that there is a record of a physical impairment that substantially limits the major life activities of walking, lifting, or working. Nothing in evidence suggests that Plaintiff cannot walk, cannot lift, or cannot perform a class of jobs or broad range of jobs in various classes. She might be limited in how far or fast she can walk or how much or how high she can lift, but she has not established a record of a physical impairment meeting the requirements of the ADA. *See Glidden*, 85 F.3d at 229.

**C.     Being regarded as having such an impairment.**

Finally, the Court addresses whether Defendant BISD "regarded" Plaintiff as having the requisite ADA impairment. *See* 42 U.S.C. §12102(2)(C). The Equal Opportunity Employment Commission (EEOC) defines three general situations or contexts in which a plaintiff qualifies for the ADA's protection under the "regarded as" prong. *See* 29 C.F.R. §1630.2(l)(1)-(3). The Fifth Circuit has summarized the EEOC's guidance on this issue as follows:

> One is regarded as having a substantially limiting impairment if the individual (1) has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment; (2) has an impairment which is substantially limiting only because of the attitudes of others toward such an impairment; or (3) has no impairment at all but is regarded by the employer as having a substantially limiting impairment.

*Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th Cir.1996). Like the Fifth Circuit case of *Deas*, this case falls under the first category because it is uncontested that Plaintiff has an impairment. 152 F.3d at 476. To make out a *prima facie* showing of disability under the first category, Plaintiff must have produced sufficient evidence for a reasonable trier

7

of fact to conclude that Defendant BISD perceived Plaintiff as having an impairment and that this impairment, if it existed as perceive, would have substantially limited one or more of Plaintiff's major life activities. *See id.* & n.10.

There is some summary judgement evidence suggesting that Plaintiff was perceived as having an impairment. For example, Mr. Ruben H. Martinez, the assistant principal at Russell Elementary, offered to requisition the installation of ramps to accommodate Plaintiff's "disability." (Defendant's Summary Judgment, Ex. D1). Defendant claims that Mr. Martinez was using the colloquial meaning of disability rather than the ADA's technical meaning. Be that as it may, the summary judgment evidence indicates that Defendant did perceive Plaintiff as having an impairment. This only satisfies part of the inquiry.

The other, and perhaps more critical, question is whether Plaintiff has produced summary judgment evidence sufficient for a reasonable trier of fact to find the Defendant regarded Plaintiff's impairment as substantially limiting a major life activity. There is no competent summary judgment evidence that BISD or its employees regarded Plaintiff as being completely unable to perform or significantly restricted in her ability to perform the major life activities of walking, lifting, or working.

D.      **Plaintiff does not have a disability under the ADA.**

In sum, Plaintiff's impairment does not satisfy any of the three alternatives for having the requisite disability under the ADA. Because the Court finds that Plaintiff fails to meet the threshold requirement of having an impairment that substantially limits a major life activity, the Court will not address Plaintiff's claims that she was not offered reasonable accommodations and was terminated because of a disability.

IV.     **Breach of contract.**

Plaintiff further claims that Defendant breached the employment contract hiring Plaintiff for the 1995-1996 school year. In its motion for summary judgment, Defendant argues that Plaintiff cannot raise a breach of contract claim because Plaintiff has failed to exhaust her administrative remedies. Plaintiff contends that she actually attempted to comply with the administrative process but was never afforded a meeting. Thus, Plaintiff argues, Defendant is estopped from using the exhaustion of remedies defense because Defendant failed to follow its own procedures.

Texas law requires Plaintiff to exhaust her administrative remedies before advancing a breach of employment contract claim. "When a teacher is being terminated, questions of fact are involved and must be appealed to administrative authorities before the teacher resorts to the courts." *Barrientos v. Ysleta Indep. School Dist.*, 881 S.W. 2d 159, 160 (Tex. App. – El Paso 1994, no writ); *see also Rogan v. Lewis*, 975 F. Supp. 956, 962 (S.D. Tex. 1997). Plaintiff's breach of contract claim falls within the category of claims that must be raised and appealed in BISD's grievance process before being brought to the courts.

As an initial matter, the Court reviews whether Plaintiff's affidavit and conclusory statements are valid summary judgment evidence. Plaintiff's affidavit and conclusory statements are subsequent and contradictory to her deposition testimony. "It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *but see Kennet-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980) (holding that a genuine issue of material fact may be raised by an affidavit that is subsequent and contradictory to a deposition). "When an affidavit merely supplements rather than contradicts prior deposition testimony, the court may consider the affidavit when evaluating genuine issues in a motion for summary judgment." *S.W.S. Erectors*, 72 F.3d at 496. In her deposition, Plaintiff testified that she had not exhausted her administrative remedies. Only later, in her response to Defendant's motion for summary judgment and her affidavit attached to her response, did Plaintiff testify to her attempts to use the grievance process. Plaintiff's affidavit does more than supplement her deposition testimony; her affidavit contradicts her earlier sworn testimony. Therefore, Plaintiff's affidavit and conclusory statements are not competent summary judgment evidence. The valid summary judgment evidence does not present an issue of material fact. Plaintiff failed to exhaust her administrative remedies.

Even assuming that Plaintiff's affidavit and conclusory statements were valid summary judgment evidence under *Kennet-Murray*, Texas courts have rejected Plaintiff's argument. Plaintiff argues that Defendant should be estopped from using the exhaustion of remedies defense because Ms. Soto, the principal at Russell Elementary, had explained that a meeting would be useless. Moreover, Plaintiff complains that BISD never responded to her continual requests for a meeting or appeal. In *Daniel v. Dallas Indep. School Dist.*,

9

351 S.W.2d 356, 358 (Tex. Civ. App. – El. Paso 1961, writ ref'd n.r.e.), the plaintiff argued that because the Superintendent and the School Board had said that "as far as they were concerned the matter was concluded, that [the defendants] were therefore estopped to urge their plea to the jurisdiction." The *Daniel* court determined that jurisdiction would not be conferred by estoppel. The Court holds that, even considering Plaintiff's evidence offered in her response, Plaintiff failed to exhaust her administrative remedies. *See Rogan*, 975 F. Supp. at 962. Therefore, the Court is without jurisdiction to hear Plaintiff's state law contract claim.

## V. Conclusion.

For the above reasons, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT's motion for summary judgment (Dkt. No. 16) is GRANTED.

DONE at Brownsville, Texas, this ____ day of March 2000.

Hilda G. Tagle
United States District Judge

10